IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE BANK NA,<br><br>    Plaintiff,<br><br>  v.<br><br>OREGON PARK SENIOR APARTMENTS COOPERATIVE, et al.,<br><br>    Defendants. | No. C 15-00536 JSW<br><br>**ORDER RE APPOINTMENT OF TEMPORARY RECEIVER** AND INSTRUCTIONS TO OPSA DEFENDANTS |

Now before the Court is the motion to appoint a temporary receiver, brought by Defendants Oregon Park Senior Apartments Cooperative, Douglas Butler, and Andre Nibbs ("the OPSA Defendants"). Defendants Juanita Edington, Kevin Wiggins, Dale Anders, William Tiller,[1] and Kenneth AKA Aja Feseah Jackson oppose the motion ("the Pro Se Defendants"). Plaintiff has filed a notice of non-opposition. The Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing scheduled for March 27, 2015. *See* Civil L.R. 7-1(b).

This matter arises from an interpleader action filed by Plaintiff JPMorgan Bank relating to freezes on deposit accounts held by the OPSA Board. On March 13, 2015, the OPSA Defendants filed an ex parte application for an order shortening time on this motion. The OPSA Defendants argued that their motion required a prompt resolution because: (1) the freezes on OPSA's bank accounts impede OPSA's ability to pay its bills; (2) the Pro Se Defendants have

---

[1] On March 18, 2015, Plaintiff filed a notice of voluntary dismissal without prejudice of Defendant William Tiller.

allegedly refused to pay rent, denying OPSA a source of income; (3) a neutral third party was needed before the next Board election on March 28, 2015; and (4) this dispute was creating an unreasonable amount of work for the current Board members. After the time for opposition to the ex parte application had passed, the Court granted the OPSA Defendants' request.

In the reply to this motion, filed on March 24, 2015, the OPSA Defendants represented that they have cancelled the election previously scheduled for March 28, 2015. Thus, the most pressing exigency appears no longer to impact this issue. However, the Court agrees that OPSA requires some mechanism by which to pay its bills.

Accordingly, the Court is inclined to TENTATIVELY GRANT the motion to appoint a temporary receiver. However, the Court agrees with the Pro Se Defendants that they should have an opportunity to give input with respect to the identity of this neutral third party. Therefore, both groups of Defendants are ORDERED to meet and confer regarding the identity of any receiver, and to submit a mutually agreeable suggestion to the Court by no later than April 3, 2015. If the parties are unable to resolve this matter through the meet and confer process, the Court will refer this matter to a randomly assigned Magistrate Judge for a report and recommendation. Because the Pro Se Defendants are not e-filers and the vacated hearing is in two days, the OPSA Defendants shall serve this Order on the Pro Se Defendants by hand, and file a proof of service with the Court.

**IT IS SO ORDERED.**

Dated: March 25, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2